## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

SAKIB BRKIC,

        Plaintiff,

    v.

COSTCO WHOLESALE
CORPORATION,

        Defendant.

Case No.

### DEFENDANT'S NOTICE OF REMOVAL

Defendant COSTCO WHOLESALE CORPORATION ("COSTCO" or "Defendant") by its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from the Allen County Superior Court, Fort Wayne, Indiana. In support of this Notice of Removal, Defendant states as follows:

### BACKGROUND

1. On February 22, 2022, Plaintiff Sakib Brkic filed an action in the Allen County Superior Court, Fort Wayne, Indiana, titled *Sakib Brkic v. Costco Wholesale Corporation,* Case No. 02D02-2202-CT-000086. Plaintiff alleges a claim of retaliatory discharge under Indiana common law.

2. On February 26, 2022, Plaintiff served a copy of the Complaint and the Summons on Defendant. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, and a copy of all process, pleadings, and orders served upon such defendant, consisting of: the Summons, Plaintiff's original complaint, Plaintiff's counsel's appearance, Defendant's

appearance, Defendant's motion for enlargement of time, and the Allen County Superior Court's Order granting Defendant's motion for enlargement of time, are attached as Exhibit A.

3.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendant's receipt of a copy of Plaintiff's initial pleading setting forth the claims or relief upon which this action is based.

## **DIVERSITY JURISDICTION**

4.     This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

**I.     Diversity of Citizenship Exists Among the Parties.**

5.     Plaintiff is a citizen and resident of the State of Indiana.  (Compl. ¶1.)

6.     COSTCO is a corporation organized under the laws of the State of Washington with its principal place of business located in Issaquah, Washington.  (Declaration of Sarah Rajski, attached as Exhibit B, ¶4; Compl. ¶2.)  Thus, for purposes of diversity of citizenship, COSTCO is a citizen of Washington, and not a citizen of Indiana.

**II.     The Amount in Controversy Exceeds $75,000.**

7.     A defendant invoking the Court's diversity subject matter jurisdiction via removal has the burden of proving by a preponderance of the evidence that the jurisdictional threshold is satisfied.  *See McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936); *NLFC, Inc. v. Devcom Mid–Am., Inc.,* 45 F.3d 231, 237 (7th Cir. 1995); *see Bailey v. Conocophillips Co.*, No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000.").

8.      Where the plaintiff alleges no specific amount of damages or an amount under the jurisdictional minimum, the Court considers jurisdictional facts beyond the complaint's allegations in analyzing whether jurisdiction exists. *Brandon v. Wal-Mart Stores E., LP*, No. 1:19-cv-505, 2020 WL 1443775, at *2 (N.D. Ind. Mar. 24, 2020); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Oshana*, 472 F.3d at 511 ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.")

9.      The Seventh Circuit Court of Appeals has suggested several ways in which this may be done: by contention interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's experts, about how much it would cost to satisfy the plaintiff's demands. *Brandon v. Wal-Mart Stores E., LP*, 2020 WL 1443775, at *2 (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (citation omitted and internal quotations marks omitted).

10.     Here, Plaintiff is seeking the following damages: "compensatory damages, punitive damages, costs of the action, prejudgment interest, and for all other just and proper relief" (Compl. ¶14) due to "a delay in medical treatment, wrongful termination of his job, loss of income and benefits, financial distress, humiliation, embarrassment, pain and suffering,

mental anguish, and other damages and injures [sic] directly caused by the retaliatory discharge" (Compl. ¶15).

11.     Although Defendant denies that Plaintiff is entitled to any relief whatsoever, his allegations satisfy the $75,000 jurisdictional amount in controversy threshold based on his potential to recover lost wages, emotional distress damages, and punitive damages in this action.

12.     **Lost Wages**.  Plaintiff's employment with COSTCO terminated on or about July 3, 2021.  (Compl. ¶10; Ex. B, ¶5.)  At that time, Plaintiff was earning $16.50 per hour or the equivalent of approximately $32,935 per year.  (Ex. B, ¶5.)  If Plaintiff's claimed lost wages are calculated from his termination date through trial, which would likely not take place for at least a year, the amount of back pay in controversy equals at least approximately $65,870.24.[1]

13.     **Emotional Distress Damages.**  Based on awards in other similar cases alleging retaliatory discharge within the Seventh Circuit, Plaintiff's claim for emotional distress damages could plausibly amount to $40,000 or more.  *See Tullis v. Townley Eng'g & Mfg. Co.,* 243 F.3d 1058 (7th Cir. 2001) (upholding an award of $80,000 where plaintiff presented evidence that he was fired in retaliation for filing worker's compensation claims for an on-the-job back injury); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276 (7th Cir. 1995) (ADA claim brought on behalf of a terminal cancer patient who had been discharged from his job and the Seventh Circuit upheld the portion of the jury's verdict which included an award of $50,000 for emotional damages); *Fleming v. Cnty. of Kane,* 898 F.2d 553 (7th Cir. 1990) (emotional distress damages award reduced to $40,000 by remittitur for employee subjected to progressive discipline and then fired in retaliation for his speech on a matter of public concern was in line

---

[1] Defendant's lost wage estimate is conservative because Plaintiff also appears to seek lost front pay damages. (Compl. ¶15.)

with other such awards in the Seventh Circuit); *Spina v. Forest Pres. Dist. of Cook Cnty.*, 207 F. Supp. 2d 764, 773 (N.D. Ill. 2002) (citing *Neal v. Honeywell, Inc.,* 995 F.Supp. 889, 894–95 (N.D. Ill. 1998) *aff'd* 191 F.3d 827 (7th Cir. 1999) (district court comparing cases and awards for emotional distress); *see also Webb v. City of Chester,* 813 F.2d 824, 837 (7th Cir. 1987)); *Forguson v. Nat'l Serv-All*, JVR NO. 803573, 2002 Wl 31941425 (Allen Cty. Sup. Ct., Ind. 2002) (award of $1,970,000 for pain and suffering damages to plaintiff in workers' compensation retaliation lawsuit).

14.    **Punitive Damages.**  Plaintiff also seeks punitive damages under the Indiana common law, which are available under the "appropriate circumstances."  *Forte v. Connerwood Healthcare, Inc.*, 745 N.E.2d 796, 800 (Ind. 2001).  Punitive damages must be supported by clear and convincing evidence.  *Powers v. Gastineau*, 568 N.E.2d 1020, 1024–25 (Ind. Ct. App. 1991) (citing *Watson v. Thibodeau.*, 559 N.E.2d 1205, 1210 (Ind. Ct. App. 1990)).  The evidence must overcome the presumption that the defendant's conduct was merely negligent or the result of some honest error.  *Id.*  Punitive damages are recoverable upon evidence that the defendant acted with malice, fraud, gross negligence, or oppression which did not result from mistake of law or fact, honest error of judgment, overzealousness, mere negligence, or other human failing.  *Id.*  If Plaintiff's allegations are credited by a fact-finder, it is plausible that such allegations could support a punitive damages award alone in excess of $75,000.  *See G & N Aircraft, Inc. v. Boehm,* 703 N.E.2d 665, ---- - ---- 1998 WL 821775 (November 30, 1998) ($175,000.00 punitive damage award upheld for the breach of fiduciary duties owed to a minority shareholder where majority shareholder attempted to force the minority shareholder to sell his shares for $250,000.00 where the trial court placed the value of those shares at $521,319.00); *Lazarus Dept. Store v. Sutherlin,* 544 N.E.2d 513 (Ind. Ct. App. 1989) (punitive damages available in suit

for malicious prosecution and false imprisonment in the amount of $1,000,000 in addition to $300,000 in compensatory damages).

15. Based on Plaintiff's potential recovery for lost wages, emotional distress damages, and punitive damages, Plaintiff's potential damages in this case easily exceed $75,000.

16. Because this action is between citizens of different states and the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

17. Because this action is pending in the Allen County Superior Court, Fort Wayne, Indiana, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

18. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel and to the Clerk of the Court for the Allen County Superior Court, Fort Wayne, Indiana, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Defendant's Notice of Removal is attached as Exhibit C.

19. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**DATED:**  March 25, 2022                    Respectfully submitted,

Defendant COSTCO WHOLESALE
CORPORATION

By: */s/ Danielle M. Kays*
        *One of Its Attorneys*

Gerald Pauling (gpauling@seyfarth.com) (motion for admission forthcoming)
Danielle M. Kays (dkays@seyfarth.com)
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinoi 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 25, 2022, I served a true and correct copy of ***Defendant's Notice***

***of Removal*** by E-Mail on the following attorney of record:

Christopher C. Myers
Ilene M. Smith
Christopher C. Myers & Associates
809 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802
Phone: (260) 424-0600
Fax: (260) 424-0712
Email: cmyers@myers-law.com
lsmith@myers-law.com

 

*/s/Danielle M. Kays*
Counsel for Defendant

80747526v.1

- 8 -