02D02-2202-CT-000086

Allen Superior Court 2

Filed: 2/22/2022 2:13 PM
Clerk
Allen County, Indiana
BB

```
STATE OF INDIANA        )           IN THE ALLEN SUPERIOR COURT
                        ) SS:
COUNTY OF ALLEN         )           CAUSE NO._____

SAKIB BRKIC,                    )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )
COSTCO WHOLESALE CORPORATION,)
                                )
        Defendant.              )
```

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant that:

1. The Plaintiff is Sakib Brkic, is a resident of Allen County, Fort Wayne Indiana and was employed by Defendant Costco Wholesale Corporation from about August 26, 2020 through July 3, 2021.

2. Defendant Costco Wholesale Corporation is a corporation authorized to do business in the United States and the state of Indiana. "Costco" is headquartered at 999 Lake Drive, Issaquah, WA 98027. Locally, Costco does business at 5110 Value Drive, Fort Wayne, Indiana 46808. Costco's Registered Agent is C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3. Plaintiff worked in Costco's Meat Department as a meat wrapper.

4. On June 18, 2021 while performing his duties as a meat wrapper, while pushing a cart with chicken on it, he slipped on fat and fell on his left side and the cart loaded with chicken fell on top of him, injuring his left hip, left knee, and left ankle.

5. Plaintiff immediately asked for medical care but Costco denied his request for medical care and instructed him to self-treat at home. The medical care Plaintiff requested was a benefit provided to Plaintiff under the Indiana Worker's Compensation Act.

6. For three (3) days after the fall, Plaintiff attempted to self-treat as instructed by Costco. But the pain became so severe it prevented him from working. Approximately a week after the accident, Plaintiff attempted to go back to work but Defendant still refused to provide Plaintiff with medical care and refused Plaintiff's requests to see a doctor.

7. Plaintiff insisted that he be allowed to see a physician because his injuries occurred on company property.

8. During the time that Plaintiff attempted to self-treat at home pursuant to Costco's orders, and while he attempted to work regardless of his injuries at Costco's request, Costco spoke with Plaintiff about his knowledge of the Department Manger switching dates and tags on packages and Plaintiff denied any personal knowledge of the Department Manager switching dates and tags on packages and told Costco that he did not personally witness any of that.

9. Costco told Plaintiff that he had to sign a paper, but Plaintiff did not know what it was. Plaintiff signed the paper but he was never given a copy. Plaintiff was then off work on July 1st and July 2nd 2021.

10. On July 3, 2021 Plaintiff was terminated for false and pretextual reasons – that Plaintiff supposedly witnessed a manager switching tags and dates on product.

11. Plaintiff eventually had to get medical care because his injuries were so serious and he was in such severe pain. Plaintiff went to the doctor/hospital and received x-rays. Plaintiff was told that he would have to undergo surgery and physical therapy. Plaintiff

did have surgery on his left knee on December 9, 2021, and is currently going to physical therapy two times a week.

12. Despite the Plaintiff's severe injury on June 18, 2021, and despite Plaintiff reporting the injury to Costco, Costco never filled out an incident report and never started the paperwork to process the claim as a Worker's Compensation claim. Plaintiff had to hire a Worker's Compensation attorney, Roger Finderson, who is representing Plaintiff in the Worker's Compensation case against Costco.

13. Plaintiff was terminated for being injured on the job and repeatedly requesting medical care, a statutory benefit under the Indiana Worker's Compensation Act to which Plaintiff was entitled, among other benefits to which Plaintiff may have been entitled, including Temporary Total Disability ("TTD") Benefits. By retaliating against the Plaintiff and terminating Plaintiff before Plaintiff received Worker's Compensation Benefits, Costco avoided having to pay for medical care and having to pay Plaintiff TTD Benefits, and other Worker's Compensation Benefits.

14. Defendant, by and through the actions of its managers and agents, including the act of terminating the Plaintiff out of retaliation for suffering a work-related injury and requesting Worker's Compensation Benefits, acted intentionally and in reckless disregard of Plaintiff's rights to benefits and compensation under the Indiana's Worker Compensation Act. The retaliatory discharge suffered by Plaintiff is against the tort laws and public policies of the state of Indiana, warranting an award of compensatory and punitive damages to the Plaintiff.

15. As a direct and proximate result of the retaliatory discharge, Plaintiff suffered, and continues to suffer from, a delay in medical treatment, wrongful termination of his job,

loss of income and benefits, financial distress, humiliation, embarrassment, emotional pain and suffering, mental anguish, and other damages and injures directly caused by the retaliatory discharge.

WHEREFORE, Plaintiff prays for judgment against the Defendant, compensatory damages, punitive damages, costs of the action, prejudgment interest, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

MYERS SMITH WALLACE, LLP

/s/ *Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
*Counsel for Plaintiff*